RECEIVED
IN LAKE CHARLES, LA

SEP 27 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 06 CR 20116 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JUSTIN D. STARK | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

IT IS ORDERED that the defendant's Motion for Clarification of Sentence [doc. 25] IS DENIED.

After a district court has sentenced a federal offender, the Bureau of Prisons has the responsibility for administering the sentence. *United States v. Wilson,* 503 U.S. 329 (1992). The calculation and the application of credits for time served are determinations within the Bureau of Prisons' administrative purview. *Id.* "Federal regulations have afforded prisoners administrative review of the computation of their credits ... and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Id. See United States v. Dowling,* 962 F.2d 390, 393 (5th Cir.1992) (exhaustion of administrative remedies is prerequisite to judicial review of credit for time spent in presentence detention); *see also Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir.1993) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case") (internal quotations omitted). Moreover, the exhaustion-of-administrative-remedies doctrine requires that a

complainant first pursue all prescribed administrative remedies which might provide appropriate relief before seeking relief from the federal courts. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (internal quotation and citation omitted). *Day v. Seanez,* 1994 WL 243116, 1 (5th Cir. 1994). A motion seeking clarification of the judgment is not the proper procedure. After exhausting administrative remedies, the defendant's recourse is to file a §2255 motion.

Lake Charles, Louisiana, this 27 day of October, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE